UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICO I. HAIRSTON,**

        **Petitioner,**

    v.

**RICHARD A. BOWEN, JR., Warden,**
Ohio State Penitentiary,

        **Respondent.**

Case No. 2:21-cv-4385
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner Rico I. Hairston seeks a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1.)  Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  If it does so appear, the petition must be dismissed. (*Id.*)  Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain "factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as this action is barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). The Undersigned therefore **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE**.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 16, 2018, Petitioner was sentenced to thirty years to life on two counts of rape, two counts of attempted rape, and two counts of gross sexual imposition.[1] On November 9, 2018, Petitioner filed a postconviction petition and, on May 10, 2019, a motion for new trial. On June 17, 2019, the motion was denied and the petition was dismissed.[2] On October 6, 2020, Petitioner moved for reconsideration of the dismissal of the postconviction petition; that motion was denied on November 5, 2020.[3] On November 17, 2020, Petitioner filed a motion to vacate sentence[4], and on January 6, 2021, filed a motion for leave to file a motion for new trial.[5] Both motions were denied on February 11, 2021.[6]

On June 6, 2019, Ohio's Tenth District Court of Appeals denied Petitioner's appeal on the merits. *State v. Hairston*, 10th Dist. Franklin No. 18AP-93, 2019-Ohio-2189. On January 5, 2021, Petitioner filed a motion to reopen his direct appeal. That motion was denied on April 15, 2021.[7]

---

[1] https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=PrYHL4TCMm23ET9bb5tkSxfE8lvUNrWIuWkSHr4%2BFV8d6%2F%2Btd1zDj3IpqB%2Fnp%2B4x27y4jjneSTbkuTN0ztFdRqEjdWKbQgMJdcG92H%2BvzsGRaMZDPYETwt9akgWiuxbZJpPEXw%2BR7n%2FNsiSIRnY3qFv6ataMT4FyI7inYVU6P5M%3D (last accessed Sept. 13, 2021).

[2] (*Id.*).

[3] (*Id.* at pp. 2, 4.)

[4] https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=krYZy1A0mV3DjOIyytbITdgETJinmarXtC2MdS8npkFTcb0vi%2FfcyR4yeVzpE%2F5YGe5sMJppp3QN5sbBZvXB8kUju54l2Fw2aMbqAxP5FSqucpzPGn60PxNUMg2PudVBh3D9sa6SCV8svGeK1gIZKHqtlFR4iZaDXD8fAXfT3wc%3D (last accessed Sept. 13, 2021).

[5] https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=McX%2FrwODbRhpXBs4%2FcokALQlqjm43ZBNLoHPHPF9vK9ZcVbwVVdjqEkiI3fUz7b0h9lZQTNsLMWooJvApliTxjhgI7h8%2FEGIzToTljetDaOWvxUaKnwEwQmcDexZRBXQ8ELBKWnlRv7OFD1wbW3ejk5bRb6GcJtdM4tQujvuspk%3D (last accessed Sept. 13, 2021).

[6] https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=chg6Ixy%2B7vvxdZh8vrNYy3LpBR6MNJz7qqqEIIZA3M5anhTjsFPihV1l2W9geRn09F0xAe4KpEHiFzHf1knpAPTt460Q2Ry%2BSh0ZPLzZeC9rQKdTtuR98aPpUsY2IAcGQHgWSx0RHf5HNeinpbXu95PYm9O%2FHoRega8shLWgyrU%3D  (last accessed Sept. 13, 2021).

[7] https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLinkProcessor.pdf?coords=yYW7FgeMPaQrUqNMzJqy3xV9x4FWTb2q9whTPqz7X8TLYFECVrZWyAu%2FbHb8b35JpZ0%2BDxH%2Bp%2FbbrnjiJ9fPqVKT9D

Finally, on May 26, 2021, Petitioner filed his notice of appeal with the Supreme Court of Ohio.[8] The Supreme Court of Ohio declined jurisdiction on July 20, 2021. *State v. Hairston*, No. 2021-0675, 163 Ohio St. 3d 1506, 2021-Ohio-2401.

On August 17, 2021, Petitioner filed the instant Petition (ECF No. 1 at PageID # 15.) He raises the following claims for relief:  (1-2) He was never arraigned or read his rights, despite his objection to lack of formal arraignment; (3) His rights to a fair trial and due process under the Sixth and Fourteenth Amendments, respectively, were violated; (4) Ineffective assistance of appellate counsel and fraud and collusion by the prosecutor and trial court. (*Id*. at PageID # 5, 7, 8, 10.)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

ZMa20JmKc7%2BMKs9EMr3YDu0t38mZS5i7ygfHK9koNxhTJjcG%2BoUKk9e6MMne9pHCgrcPEs4HsCLMZC4yU%3D (last accessed Sept. 13, 2021).

[8] https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2021/0675 (last accessed Sept. 13, 2021).

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

The statute of limitations began to run on June 21, 2019, when the time period expired to file an appeal with the Supreme Court of Ohio. S.Ct.Prac.R. 6.01(A)(1). The statute of limitations expired one year later, on June 21, 2020. Petitioner then waited more than one year to execute this habeas corpus petition. Thus, AEDPA's statute of limitations had expired when this action began.

Petitioner's myriad post-trial motions do not save his claims from dismissal. While a postconviction petition would operate to toll the statute of limitations, Petitioner's petition was denied before his conviction was affirmed on direct appeal; thus, the statute of limitations had not even begun to run when the savings provision of 28 U.S.C. § 2244(d)(2) expired. The rest of his motions were filed after the statute of limitations had expired. Thus, even if those motions qualified as "other collateral review," they would not save the instant Petition, as the savings clause operates only to toll a statute of limitations that has not yet run; it cannot serve to start anew an already-expired statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Nor has Petitioner alleged any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing). Accordingly, Petitioner's claims are time-barred.

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: September 13, 2021    /s/ *Elizabeth A. Preston Deavers*
                            ELIZABETH A. PRESTON DEAVERS
                            UNITED STATES MAGISTRATE JUDGE